Heffernan, J.
(dissenting). I dissent and vote to reverse the judgment under review on the law and facts and to dismiss the complaint on the merits and to award defendants a judgment in their favor as demanded in the answer, with costs in all courts.
When plaintiff’s mother purchased this property on May 25, 1931, from the common grantor she received the usual warranty deed which is clear and unambiguous. That deed describes the lands conveyed by metes and bounds and iron pins. Defendant Luzon Lumber Company acquired its title on September 17, 1934, from the same grantor. That deed also was unambiguous. Neither deed makes any mention of any easement. Plaintiff’s predecessor was quite familiar with the property and it must have been perfectly obvious to her that she was not acquiring any right of way. Notwithstanding this proof it has been found that plaintiff and his predecessor in title acquired an implied *788 right of way by necessity over defendants’ lands. The deed from the common grantor to plaintiff’s predecessor not only does not convey the driveway or any interest therein but clearly indicates a contrary intention. If plaintiff’s predecessor acquired no easement in the driveway when she made her purchase certainly it cannot be said that one existed in 1934 when defendants’ predecessor acquired the property. If a right of way was conveyed by implication in 1931 then notice thereof to defendant Luzon Lumber Company either actual or constructive was required at the time it purchased the property in 1934. Under these circumstances the deed to plaintiff’s predecessor in title not only did not convey a right of way but clearly excluded it. Certainly the deed to defendants’ predecessor conveys the lands now owned by defendants free of any easement or other encumbrance.
Foster, P. J., Brewster, Deyo and Santry, JJ., concur in Memorandum by the Court; Heffernan, J., dissents in a memorandum.
Judgment affirmed, without costs. [192 Misc. 183.]